[L. A. No. 610.   Department One.—May 31, 1900.]

ALEJANDRO F. SEPULVEDA, Appellant, v. MARIA DE JESUS ALVARADO DE SEPULVEDA et al., Respondents.

ACTION TO SET ASIDE DEED—FRAUD AND UNDUE INFLUENCE—STATUTE OF LIMITATIONS—NONSUIT.—Where a father died, leaving estate in the name of his brother, who sold it in 1872, and then paid the share of the deceased in money to his widow, who invested it and raised all of the children thereupon, and all of them, when of age, in 1887, joined in a deed of all their rights to their mother, in an action by one of them brought in 1897 to set the deed aside, for fraud and undue influence, alleged to have been discovered within two years to avoid the statute of limitations, if the plaintiff's evidence shows no fraud or undue influence connected with the deed, but the contrary, and shows that plaintiff knew all of the facts known by him when the deed was executed, a judgment of nonsuit is properly entered, and should be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. H. Clark, Judge.

The facts are stated in the opinion.

Smith, McNutt & Hannon, for Appellant.

H. A. Barclay, and Barclay & Camp, for Respondents.

COOPER, C.—At the close of plaintiff's testimony the court on motion of defendants granted a nonsuit, and judgment was accordingly entered. This appeal is from the judgment.

The plaintiff is the son of defendant Maria de Jesus Alvarado de Sepulveda and of Juan Maria Sepulveda, her deceased husband, and is a brother of the other defendants. The father of plaintiff, Juan Maria, died prior to 1872, leaving an interest in certain real estate in the name of his brother Jose del Carmen de Sepulveda. Early in 1872 the real estate was sold by Jose del Carmen and the portion of the proceeds of the sale due to the widow and children of Juan Maria, deceased (the parties to this suit), was eight thousand dollars. After Jose

del Carmen de Sepulveda sold the property he desired to leave the state for a time, and he called defendant Maria, the widow of his deceased brother, and said to her: "Sister, I am going to Sonora and I want to leave you this eight thousand dollars so you will take care of my brother's little children." The money was paid to said Maria, or her agent, and Jose said: "Now my sister in law is safe. I go away and she have enough money to support the little ones." This money so left to Maria, the widow of Juan, has been from time to time invested and the real estate and property described in the complaint has been purchased with the said eight thousand dollars and its income. The said Maria raised and cared for her children, including this plaintiff, and also made such frugal use of the money as to preserve the original capital and increase it in investments. It seems that some question had been raised about the title or right of defendant Maria to the proceeds of the eight thousand dollars and to the title to the property purchased with it. Accordingly, in August, 1887, this plaintiff and all the other defendants, except Maria, joined in a deed to their mother, Maria, of all the estate and property of every kind and all claim to the estate of their deceased father, Juan Maria de Sepulveda.

It is alleged in the complaint that plaintiff joined in the execution of this deed, but it was obtained without consideration and by means of fraud and undue influence.

We think the motion for nonsuit was properly granted. The evidence offered by plaintiff does not even tend to show any fraud or undue influence connected with the execution of the deed. Francisco, the brother of plaintiff, testified that in 1883 or 1884 the plaintiff agreed to and did make a deed of his interest in the property for one hundred and fifty dollars. That witness paid him the money, procured the deed, and gave it to their mother, Maria. In regard to the deed of August, 1887, the witness was asked: Q. What representations, if any, or what influence did your mother use or exercise to induce you to make the deed of 1887? A. None. We all agreed to give mother this deed to all this property.

The plaintiff, in order to avoid the statute of limitations, alleged discovery of the fraud and undue influence within two

years. The evidence shows that plaintiff knew all the facts he ever knew in 1887, some ten years before the suit commenced.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Van Dyke, J., Harrison, J., McFarland, J.

Hearing in Bank denied.